IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DANNY ANDERSON                                                                                   PLAINTIFF

VS.                                            4:09-CV-00136-WRW

UNITED TRANSPORTATION UNION                                                      DEFENDANT

## ORDER

Pending is *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1).

Plaintiff asserts that Defendant "refused to help concerning reemployment after release from doctor," because of Plaintiff's race.[1] According to the Complaint, Plaintiff was discriminated against on January 7, 1997, and filed charges with the EEOC on February 9, 1998.[2]    Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[3] Under § 1915, a court may also *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint.[4]

A Plaintiff has "180 days after the 'alleged unlawful employment practice'" to file a charge of discrimination with the EEOC, and 90 days to file a complaint after receiving a Right

---

[1]Doc. No. 2.

[2]Doc. No. 1.  Plaintiff did not respond to the question asking when he received a Notice of Right to Sue letter from the EEOC.

[3]See *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).

[4]See *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that under § 1915, a district court's determination that a complaint is frivolous may be based on an affirmative defense, such as the statute of limitations, that is apparent from the face of the complaint); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (same); *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (unpublished) (same); *Kari v. Detroit Bd of Educ.*, 230 F.3d 1358 (6th Cir. 2000) (unpublished) (same); *Smith v. Delaware County Court*, 260 Fed. Appx. 454 (3d Cir. 2008) (unpublished) (same).

to Sue Letter from the EEOC.[5]  According to Plaintiff's complaint, he filed charges with the EEOC more than a year after the alleged discrimination.  Additionally, Plaintiff's cause of action is based on claims that happened more than 10 years ago.  Clearly, the statute of limitations has run in this case.

Because Plaintiff's Complaint was filed well outside the statute of limitation period, it fails to state a claim on which relief may be granted, and is DISMISSED based on § 1915(e)(2)(B).  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is MOOT.  The Clerk of the Court is not to issue process or cause process to issue on this complaint.

IT IS SO ORDERED this 2nd day of March, 2009.


/s/ Wm. R. Wilson, Jr. _____
UNITED STATES DISTRICT JUDGE

---

[5]*Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 798 (8th Cir. 2003) and 42 U.S.C. § 2000e-5(f)(1).